Elroy WULFENSTEIN and Mervyn K. Cox,
Plaintiffs and Respondents,

v.

Ellis LARSON and Ora H. Larson, his wife,
Defendants and Appellants.

No. 13617.

Supreme Court of Utah.

Oct. 25, 1974.

Patrick H. Fenton, Cedar City, for defendants and appellants.

Harry D. Pugsley, of Pugsley, Hayes, Watkiss, Campbell & Cowley, Salt Lake City, for plaintiffs and respondents.

HENRIOD, Justice:

Appeal from a judgment specifically enforcing an option agreement for the purchase of a ranch. Affirmed, with costs to plaintiffs.

The document, subject of this suit, is a one-page, printed option form designed to insert typewritten or handwritten data in the blanks to show the salient terms of the agreement.

Defendants, on appeal, say that 1) the document is unenforceable since the blanks were filled in after the signatures were affixed, and that 2) anyway the option was not exercised within the time mentioned in the writing.

The plaintiffs emphatically discount both contentions. This case is concerned only with disputed facts, and after a plenary hearing, there appears in the record to be sufficient credible, believable and admissible evidence which the trial judge obviously believed, which supports his conclusion, so as to convince us that he was not in error or inaccurate in his appraisal thereof.

Such evidence may be abstracted as follows:

A down payment was made, and the other terms were incorporated in the blanks, at the time the agreement was executed on March 8, 1971. The option was to be exercised by March 8, 1972. One of the terms was payment of $10,000 to a named escrow, Southern Utah Title Company. This was accomplished on March 4, 1972, the date upon which plaintiffs penned a letter of acceptance addressed to defendants at their home. The letter was mailed by certified mail on March 6, 1972, as evidenced by a post office receipt. The post office department attempted delivery to defendants at their address on March 7, 1972, as evidenced by a postal "Notice of At-

tempted Delivery" left at said time and place. Defendants picked up the letter and signed for it at the post office on March 13, 1972. The defendants did not check with the designated escrow to determine if the $10,000 had been deposited as required. The defendants had a copy of the option agreement for nearly a year without any complaint as to unauthorized filling in of blanks. Only one change was made in the option agreement,—by interlineation,—either before, at the time of, or after execution of the option, correcting the acreage from 1140 to 1040,—the actual area of the ranch. Such change seems to be of no consequence here.

The option provided for notice in writing to be given, which provision under the circumstances here, we think was fulfilled.

CALLISTER, C. J., and CROCKETT, ELLETT and TUCKETT, JJ., concur.